UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SARA SOBRINHO on Behalf of Herself and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY BLACK & DECKER, INC. and CRC-EVANS PIPELINE INTERNATIONAL, INC.,<br><br>Defendants. | CIVIL ACTION NO. 4:17-cv-196<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1. Defendants Stanley Black & Decker, Inc. ("SB&D") and CRC-Evans Pipeline International, Inc. ("CRC-Evans") (collectively "Defendants") required Plaintiff Sara Sobrinho ("Plaintiff") to work more than forty (40) hours a week as a credit analyst. Defendants paid Plaintiff on a salary basis without overtime. Defendants misclassified other credit analysts and other similarly situated employees as exempt and paid them only a salary without overtime.

2. Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), which mandates that non-exempt employees, such as Plaintiff and other credit analysts, be compensated at one and one-half times their regular rate for each hour worked over forty hours per week. *See* 29 U.S.C. § 207(a).

3. Plaintiff brings a collective action to recover unpaid overtime compensation owed to her individually and on behalf of all current and former salaried credit analysts who performed work for Defendants during the three-year period before the filing of this Complaint up

1

to the date the Court authorizes notice. Members of the collective action are hereinafter referred to as "Class Members."

4. Defendants cannot satisfy their burden to show that any FLSA exemption applies to Plaintiff or other credit analysts. As such, Defendants owe Plaintiff and Class Members back pay at the time and one-half rate for all hours worked over 40 in a workweek, liquidated damages, attorneys' fees and costs.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

7. Plaintiff worked in this District when the violations took place.

8. Defendants maintain their principal United States headquarters in Houston, Texas.

9. Defendants' national compensation policies and practices, including those that violate the FLSA as alleged herein, originated and were decided at Defendants' principal headquarters in Houston, Texas.

## PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Sara Sobrinho is an individual residing in Fort Bend County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A.

11. The Class Members are all of Defendants' credit analysts and other individuals paid on a salary basis performing substantially similar duties who worked for Defendants throughout the United States during the three-year period before the filing of this Complaint.

12. Defendant Stanley Black & Decker, Inc. is a corporation organized under the laws of Connecticut. Defendant may be served process through its registered agent Corporation Service Company, 211 E. 7th Street Suite 620, Austin, Texas 78701.

13. Defendant CRC-Evans Pipeline International, Inc. is a corporation organized under the laws of Delaware. Defendant may be served process through its registered agent Corporation Service Company, 211 E. 7th Street Suite 620, Austin, Texas 78701.

14. This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of conducting business activities in the state of Texas. Defendants established minimum contacts in Texas, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over Defendants is consistent with the constitutional requirements of due process.

## FLSA COVERAGE

15. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

16. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(r), 203(s)(1). Defendants' employees handle goods that have traveled in interstate commerce, such as tools, pipe, computers, and phones. Defendants also transact business with companies located outside the state of Texas.

17. At all material times, Defendants have each had an annual gross business volume in excess of the statutory standard.

18. At all material times, Plaintiff and Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

19. Defendant CRC-Evans is one of the world's largest manufacturer of specialized pipeline, automatic welding equipment, and pipeline field joint coating.

20. In 2010, Defendant CRC-Evans became a subsidiary of Defendant SB&D. Defendant SB&D provides tools, storage, commercial electronic security among other offerings. SB&D is a publicly traded company under the New York Stock Exchange symbol SWK.

21. Plaintiff worked for both Defendants. In fact, Plaintiff was simultaneously paid by both Defendants after the 2010 acquisition. Both Defendants are listed as the payor on her remuneration statements and both Defendants issue her annual W-2s.

22. Plaintiff worked in Defendants' accounts receivable department at their office in Houston, Texas. As a credit analyst, Plaintiffs' duties were essentially clerical. She reviewed credit applications for accuracy, such as the correct billing address and answered phone calls concerning billing inquiries.

23. A significant portion of duties involved straightforward data entry in posting payments to Defendants' customers' accounts.

24. Prior to the acquisition of Defendant CRC-Evans by Defendant SB&D Plaintiff was classified as non-exempt and paid hourly with overtime. After the acquisition, she was reclassified as exempt, despite performing the same duties.

25. In performing her duties, Plaintiff typically worked 60 to 65 hours a week. However, because Defendants treated her exempt, she received no overtime compensation for that time.

26. Plaintiff repeatedly complained about not receiving overtime and was repeatedly informed that she would receive overtime. Unfortunately, that never happened.

27. Defendants employ dozens of other credit analysts nationwide that perform the same duties as Plaintiff. Like Plaintiff, those other credit analysts are misclassified as exempt and receive only a salary without overtime.

28. Defendant SB&D employs at least 20 other credit analysts nationwide which are salary paid.

29. Defendants SB&D employs at least 20 other employees with similar job duties as Plaintiff who are paid a salary without overtime.

30. No exemption under the FLSA shelters Defendant from paying Plaintiffs or the Class Members overtime.

31. Plaintiff and the Class Members have supervisors to whom they report to and ask for permission with respect to all decisions of significance.

32. Plaintiff did not supervise two or more employees.

33. Likewise, Class Members do not supervise two or more employees.

34. Plaintiff and the Class Members are required to follow strict procedures when doing their job that removes all discretion.

35. The work of a credit analyst does not involve any independent judgment and discretion to qualify for any exemption.

36. A credit analyst is a non-supervisory position and is not involved in hiring or firing decisions.

37. Defendants paid Plaintiff and the Class Members in the same manner.

38. Plaintiff and Class Members have the same job duties.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant as salaried credit analysts, and in substantially similar positions, within three (3) years from the commencement of this action who have, like Plaintiff, not been compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a single week.

40. Plaintiff has first-hand knowledge, through her personal work experience and communications with other employees of the Defendants, that a class of similarly-situated employees exists who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above.

41. Defendants use the same compensation structure regardless of the location of employment of a particular Class Member.

42. Defendants use the same compensation structure regardless of the supervisor of a particular Class Member.

43. All credit analysts perform the same essential job functions regardless of location.

44. Defendants have a common job description that applies to all credit analysts.

45. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees, and the denial of overtime pay.

46. The names and address of the Class Members of the collective action are available from Defendants' records. The Class Members should be allowed to receive notice via First Class Mail, email and via a website with basic information about the lawsuit or by use of techniques and a form of notice like those customarily used in representative actions.

47. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated.

48. The Class may be properly defined as follows:

> All of Defendants' salaried paid credit analysts who worked for Defendants during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

## CAUSES OF ACTION

### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime
### (Collective Action)

49. Plaintiff incorporates the preceding paragraphs by reference.

50. For all time worked in excess of forty (40) hours each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

51. Defendants violated the FLSA by failing to pay Plaintiff and Class Members an overtime premium for hours worked in excess of 40 hours in a workweek because they misclassified those workers as exempt.

52. Defendants cannot satisfy their burden to show that any exemption applies.

53. Defendants have, therefore, violated and continue to violate the FLSA by not paying Plaintiff and Class Members consistent with the FLSA for their overtime hours.

54. Defendants' failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

55. Defendants knew Plaintiff was entitled to overtime, promised the Plaintiff overtime compensation, and yet failed to pay her overtime. This is an intentional violation of the FLSA.

56. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

57. Plaintiff will seek to certify this class as a collective action under 29 U.S.C. § 216(b).

### DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

58. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation for all time worked in excess of forty (40) hours in a single week.

59. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

60. Plaintiff and Class Members are also entitled to recover their attorney's fees and costs as required by the FLSA.

### JURY DEMAND

61. Pursuant to her right under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

### PRAYER FOR RELIEF

62. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of herself and the Class Members awarding them:

    a. Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

    b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

    c.    Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

    d.    Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813